Cabell, P.
delivered the opinion of the Court.
A Court of chancery ought not to direct the sale of land, for the payment of a debt, unless the creditor asking the sale, shall shew that the land is legally chargeable in equity, for such payment, nor even then, until the amount of the debt shall be ascertained.
The appellee John S. Welford, ex’or of Daniel Grinnan, has an unquestioned lien on the land in the pro *43 ceedings mentioned, for the payment of his debt, under the deed of the 7th of June 1836, from Smith and wife to Herndon; and if the amount of that debt had been ascertained, it would have been proper to direct a sale of the land for its payment. But as the record states that it did not appear to the Court what amount was due, the decree for a sale of the land, for the payment of that debt, was premature and erroneous.
It is charged in the bill, and proved by the evidence in the cause, that the land in the proceedings mentioned was purchased with funds in which Mrs. Smith had a separate estate for her life, with remainder to her children, and that the land thus purchased was to be subject to the same uses and trusts, as the funds with which it had been purchased. The land, therefore, was in equity, the land of Mrs. Smith and her children, although the legal title had been improperly conveyed to Adam Y. Smith. And it appears from the evidence in the cause, that the appellees Thomas O. Flint and Henry Hill, jun’r, had notice before the execution of the deed of the 11th May 1841, by Adam Y. Smith to Ambrose P. Hill, of the interest of Mrs. Smith and her children, in the said land. The Court is therefore of opinion that the said appellees had no right in equity, to charge the said land with the payment of their debt from the said Adam Y. Smith; and that the decree was erroneous in directing a sale of the land, with any view to the payment of the said debt.
The Court is farther of opinion that the decree was erroneous in directing a sale of the land, with a view to the payment of the debts due from Adam Y. Smith to the appellees Thomas Hill, in his own right, and the said Thomas Hill as the late guardian of Sarah V. Hill, now Sarah V. Fisher; these appellees having permitted the bill to be taken as confessed, and therefore having no right to any decree not warranted by the facts stated in the bill.
*44 The decree is reversed with costs; and this Court proceeding to pronounce such decree as the Court below ought to have pronounced, it is decreed and ordered, that the injunction he perpetuated as to all the appellees, except John S. Welford, executor of Daniel Grinnan, deceased; and that, as to him, the cause he remanded, to be farther proceeded in, according to the principles of this decree.